IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
06/12/2026

**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

| | |
|---|---|
| GILBERTO MONTES TARACENA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 26-3100-JWL |
| | ) |
| MISTY MACKEY, Warden, | ) |
| Midwest Regional Reception Center; | ) |
| MARKWAYNE MULLIN, DHS Secretary; | ) |
| TODD BLANCHE, Acting Attorney General; and | ) |
| TODD M. LYONS, Acting Director, ICE, | ) |
| | ) |
| Respondents. | ) |
| | ) |

## **MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges his detention by immigration officials. For the reasons set forth below, the Court **denies** the petition.

Petitioner is a native of Guatemala who entered the United States without authorization in 1986. In 1995, petitioner was convicted in municipal court in California of the offense of annoying or molesting a child, but the case was later dismissed after his probation was terminated. In 2006, petitioner was convicted in state court in California for failing to report. In 2013, petitioner was placed in removal proceedings and taken into custody by immigration officials, but petitioner was subsequently released on bond. In 2019, an immigration judge denied petitioner's application for relief and ordered his

removal.  In September 2019, petitioner appealed that decision to the Board of Immigration Appeals (BIA).  In August 2021, the BIA issued a briefing schedule, and in September 2021, the BIA denied petitioner's request for an extension of time under that schedule, but it appears that no briefs were filed at that time.  In September 2023, the BIA gave notice that the case would be taken off the active docket in November 2023 unless either party opposed that move, and the Government then filed such an opposition.  In July 2024, the BIA issued a new briefing schedule, setting deadlines in August and September 2024 for the parties' briefs, but again neither side filed a brief with the BIA.  Thus, petitioner's appeal remains pending before the BIA.  In September 2025, petitioner complied with a requirement that he register as a sex offender in Kansas, and immigration officials then cancelled petitioner's bond and took him into custody.  Petitioner remains in custody, in this judicial district, pending his removal proceedings.  On April 23, 2026, petitioner filed the instant habeas action; respondents have filed an answer, and petitioner has filed a traverse, and the matter is therefore ripe for ruling.

To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States."  *See* 28 U.S.C. § 2241(c)(3).  This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal.  *See Demore v. Kim*, 538 U.S. 510, 516-17 (2003).

Petitioner first claims that his detention under 8 U.S.C. 1231(a) has become unreasonably lengthy beyond the statutory removal period and therefore unlawful under the Supreme Court's *Zadvydas* framework and his right to due process.  As respondents

2

note, however, petitioner's appeal from the removal order is still pending, which means that his removal order is not yet administratively final and the removal period has not yet begun. *See id.* § 1231(a)(1)(B)(i).[1]  Thus, he is not presently being detained under Section 1231, and the *Zadvydas* framework therefore does not apply, *see Zadvydas v. Davis*, 533 U.S. 678 (2001).  Accordingly, the Court denies petitioner's claims based on a detention under Section 1231.

Petitioner also appears in his petition to claim that his present detention violates 8 C.F.R. § 241.13, but that regulation also applies only in the case of a final removal order, *see id.*  Accordingly, the Court denies any such claim.

In his traverse, petitioner, seemingly accepting that his detention is not in fact governed by Section 1231 or the cited regulation, does not attempt to support his claims from the petition.  Instead, petitioner asserts a new claim in the traverse, arguing that his pre-final-order detention under 8 U.S.C. § 1226, by virtue of its duration, has become unreasonable in violation of due process under a multi-factor balancing test.  This Court, like others, has applied such a test in addressing a claim that a criminal alien's mandatory detention under Section 1226(c) has become unlawful.  *See, e.g.*, *Nguyen v. Carter*, 2026 WL 522650 (D. Kan. Feb. 25, 2026) (Lungstrum, J.).  Petitioner has not disputed respondents' statement, however, that he is presently being detained pursuant to Section 1226(a), which allows for the possibility of release on bond, and is not being detained pursuant to Section 1226(c)'s mandatory detention provision.  Thus, the relief to which

---

[1]  Respondents have not provided any explanation for the continued pendency of the appeal with no activity for nearly two years.

petitioner might be entitled for a due process violation as alleged – a bond hearing, *see, e.g.*, *id.* – is already available to petitioner upon request.  Petitioner does not dispute respondents' evidence that he has not requested such a hearing.  Accordingly, even considering the claim raised for the first time in petitioner's traverse, the Court concludes that petitioner has not shown that the Government is presently detaining him in violation of federal law.  The Court therefore denies the petition in its entirety.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus under 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 12th day of June, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

4